NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000004
30-AUG-2019
07:43 AM**

NO. CAAP-18-0000004

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
CHELSEA L. DAUER, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-17-00865)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Chan, JJ.)

Defendant-Appellant Chelsea L. Dauer (**Dauer**) appeals from a Notice of Entry of Judgment and/or Order and Plea/Judgment (**Judgment**), entered on December 6, 2017, by the District Court of the First Circuit, Honolulu Division (**district court**).[1] The district court convicted Dauer of one count of Operating a Vehicle Under the Influence of an Intoxicant, in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) (2007 and Supp. 2018).[2]

---

[1] The Honorable Melanie M. May presided.

[2] HRS § 291E-61(a)(1) (2007 & Supp. 2018) provides:

> (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(continued...)

On appeal, Dauer argues the district court wrongly concluded (1) the roadblock at which she was stopped complied with the Hawaii Administrative Rules (**HAR**), where Plaintiff-Appellee State of Hawai'i (**State**) failed to demonstrate the Honolulu Police Department (**HPD**) issued a news release, notifying the public "of the fact and purpose of the roadblock," in compliance with the Rules of the Chief of Police (**RCP**) Rule 18-3(d); and (2) the evidence was sufficient to convict her where the district court failed to find her normal mental faculties were impaired.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Dauer's points of error as follows.

### A. Compliance with RCP Rule 18-3(d)

RCP Rule 18-3(d) provides:

> The following safety precautions shall be provided at every roadblock.
>
> . . . .
>
> (d) Advance warning of the fact of the roadblock, either by reflective sign, flares, or other alternative methods. Advance warning of the fact and purpose of the roadblocks by proper news release[.]

Dauer argues the roadblock was invalid where the State failed to prove compliance with RCP Rule 18. This point lacks merit. Even if the HPD failed to issue a news release to warn the public about potential future roadblocks, a failure to comply scrupulously with internal police procedures that do not fall within the definition of a "rule" under HRS § 91-1,[3] "shall not

---

[2](...continued)
> (1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

[3] HRS § 91-1 (2012 & Supp. 2018) defines "rule" as follows:

> "Rule" means each agency statement of general or particular applicability and future effect that implements, interprets, or prescribes law or policy, or describes the
>
> (continued...)

invalidate a roadblock that otherwise meets the minimum statutory criteria[.]" State v. Claunch, 111 Hawai'i 59, 65, 137 P.3d 373, 379 (App. 2006).

Dauer does not argue the State failed to comply with HRS § 291E-20 ("Minimum standards for roadblock procedures."). RCP Rule 18-3(d) falls within an exception to HRS § 91-1's definition of "rule" for "regulations concerning only the internal management of an agency and not affecting private rights of or procedures available to the public[.]" RCP Rule 18-3(d) "does not command members of the public to do anything or prohibit them from doing anything, nor does it declare the rights of members of the public or affect a procedure available to members of the public[,]" see Kawashima v. State, 140 Hawai'i 139, 152, 398 P.3d 728, 741 (2017), and is directed only at police officers, see In re Doe, 9 Haw. App. 406, 412, 844 P.2d 679, 682 (1992), and aimed at "prescribing and controlling the police officer's activities in order to minimize the intrusion on the driver's rights[,]" see State v. Fedak, 9 Haw. App. 98, 101, 825 P.2d 1068, 1070 (1992), *superseded by statute* as stated in Claunch, 111 Hawai'i at 64, 137 P.3d at 378.

Dauer argues the RCP were adopted pursuant to HRS Chapter 91, and, therefore, must be treated as requirements for a legally valid roadblock according to Act 183's legislative history providing that "rules adopted pursuant to Chapter 91, [HRS], after the public review and hearing process provided for by that chapter, . . . may fairly be treated as requirements for a legally valid roadblock." Claunch, 111 Hawai'i at 65-66, 137 P.3d at 379-80. However, Dauer provides no evidence or authority to support her assertion that the RCP were adopted pursuant to

---

[3](...continued)
organization, procedure, or practice requirements of any agency. The term does not include regulations concerning only the internal management of an agency and not affecting private rights of or procedures available to the public, nor does the term include declaratory rulings issued pursuant to section 91-8, nor intra-agency memoranda.

Chapter 91 or subjected to the public review and hearing process provided for by that chapter, and we find none.

Further, we note the HPD's failure to adequately notify the public of the roadblock would have posed no significant risk that Dauer's reasonable expectation of privacy would "be subject to the discretion of the official in the field." Fedak, 9 Haw. App. at 102, 825 P.2d at 1071 (brackets, internal quotation marks and citation omitted). See State v. Birnbaum, No. CAAP-15-0000518, 2016 WL 6196738, at *1, *4-5 (Hawai'i App. Oct. 24, 2016) (mem. op), cert. denied, No. SCWC-15-0000518, 2017 WL 445492 (Feb. 2, 2017); State v. Heapy, 113 Hawai'i 283, 301-02, 151 P.3d 764, 782-83 (2007). There is no evidence the roadblock was set up to target Dauer or that the stop was otherwise unreasonable. See State v. Penalver, No. CAAP-17-0000772, 2019 WL 948464 (Hawai'i App. Feb. 27, 2019) (SDO) (citing Birnbaum, 2016 WL 6196738 at *5).

**B. Sufficiency of the Evidence**

Dauer argues the evidence was insufficient to support the conviction where the district court failed to find her normal mental faculties were impaired. However, it appears the district court made this finding, albeit in an abbreviated fashion, when it orally ruled "the State has been able to establish impairment." See HRS § 291E-61(a)(1). Regardless, even if the district court had not found Dauer's normal mental faculties were impaired, the test on appeal is whether, viewing the evidence in the light most favorable to the prosecution, and deferring to the district court's right to determine credibility, weigh the evidence, and draw reasonable inferences from the evidence adduced, State v. Kam, 134 Hawai'i 280, 287, 339 P.3d 1081, 1088 (App. 2014), there was substantial evidence to support the conclusion of the trier of fact.

At trial, Sergeant James Rahe (**Sergeant Rahe**) testified that although the roadblock area was sufficiently illuminated and marked by signs and flares, Dauer's vehicle approached at a high

4

rate of speed, and Sergeant Rahe was compelled to alert the other officers and put his flashlight in strobe mode as a signal to the vehicle to stop. The vehicle suddenly slowed and braked hard. On the way to the designated area, it ran over a cone it could have avoided.

Officer Jang Hoon Cho (**Officer Cho**) testified that while talking with Dauer, who was in the vehicle's driver's seat, he noticed she emitted an odor of alcohol and had glassy, watery eyes. Officer Cho conducted the Standardized Field Sobriety Tests (**SFST**). Dauer stated she understood all of the SFST instructions.

Contrary to Officer Cho's instructions, Dauer made the following mistakes while performing the SFST. While performing the Horizontal Gaze Nystagmus test, she moved her head twice while following the stimulus despite being previously instructed to keep her head still and to move her eyes only. During the instructional phase of the walk-and-turn test, she stood with her feet side by side as opposed to standing with her left and right feet heel-to-toe as instructed; on the first set of nine steps of the test, she missed one or more heel-to-toe connections by at least one to two inches, raised her left arm at least six inches from her side, and appeared to stumble and stepped off the line on the ninth step; and on the second set of nine steps, she missed one or more heel-to-toe connections by at least one to two inches. On the first thirty-second phase of the one-leg-stand test, she raised her arm away from her body at least six to eight inches to balance herself, swayed at least one to two inches from side to side the entire time, and put her foot down before the time was up.

Based on Dauer's performance on the SFST, Officer Cho believed Dauer was so impaired she was unable to safely operate her vehicle.

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on

December 6, 2017, by the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED: Honolulu, Hawai'i, August 30, 2019.

On the briefs:

Earle A. Partington,
(Law Office of Earle A.
Partington),
R. Patrick McPherson,
(Law Office of R. Patrick
McPherson, AAL, ALC),
for Defendant-Appellant.

Chad Kumagai,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge